*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 25-BG-0685

IN RE BRIAN V. LEE, RESPONDENT.

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 978834)

On Report and Recommendation of the Board on
Professional Responsibility Hearing Committee
Nine Approving Petition for Negotiated Discipline
(BDN: 24-ND-007; DDN: 2023-D069)

(Decided December 11, 2025)

Before MCLEESE and DEAHL, *Associate Judges*, and THOMPSON, *Senior Judge*.

PER CURIAM: This decision is nonprecedential. Please refer to D.C. Bar R. XI, § 12.1(d), governing the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of the parties' petition for negotiated attorney discipline. Respondent Brian V. Lee acknowledged that in connection with his representation of a client in a foreclosure case, he (1) failed to serve the client with the skill and care commensurate with that generally afforded to clients by other lawyers in similar matters, (2) failed to keep

the client reasonably informed about the status of the matter, (3) failed to explain the matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, (4) knowingly made a false statement of fact to the Office of Disciplinary Counsel (ODC), and (5) engaged in conduct that seriously interfered with the administration of justice. As a result, respondent admits that he violated D.C. R. Pro. Conduct 1.1(b), 1.4(a), 1.4(b), 8.1(a), and 8.4(d). The proposed discipline consists of a 90-day suspension, with 60 days stayed in favor of one year of unsupervised probation with conditions.

Having reviewed the Committee's recommendation in accordance with our procedures in these cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and "the agreed-upon sanction is justified," *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (internal quotation marks omitted), in light of reasonably analogous precedents. *See In re Evans*, 187 A.3d 554 (D.C. 2018) (per curiam); *In re Alexander*, 466 A.2d 447 (D.C. 1983); *see also In re Teitelbaum*, 303 A.3d 52, 57 (D.C. 2023) (providing that a negotiated discipline petition "may generally omit to charge a violation if, after reasonable factual investigation, there is a substantial risk that ODC would not be able to establish the violation by clear and convincing evidence"). Accordingly, it is

ORDERED that the Board's consent motion for leave is granted, and the lodged confidential appendix to the Hearing Committee's report and recommendation is filed under seal.  It is

FURTHER ORDERED that respondent Brian V. Lee is hereby suspended from the practice of law in the District of Columbia for 90 days, with 60 days stayed in favor of one year of unsupervised probation with the following conditions:

(i)     Respondent shall not be the subject of a disciplinary complaint that results in a violation of a disciplinary rule in any jurisdiction in which he is licensed;

(ii)    Respondent will notify all his clients of the suspension and provide written proof to ODC of having done so within 30 days of the issuance of this opinion;

(iii)   After he resumes the practice of law, Respondent will notify all his clients of his probation and provide written proof of having done so to ODC within 30 days of the last day of his suspension and/or upon undertaking a new representation;

(iv)    Respondent will take two CLE courses approved by ODC (on Ethics and Lawyer Trust Accounts and the Mandatory Course on the D.C. Rules of Professional Conduct and D.C. Practice) and will provide proof of attendance at each CLE course within 10 days of completion,

waiving confidentiality regarding any consultations associated with the training advice and materials;

(v) Respondent will notify ODC promptly of any disciplinary matters against himself and their dispositions;

(vi) Within 30 days of the issuance of this opinion, Respondent will notify ODC in writing of all jurisdictions in which he has been licensed to practice and all tribunals before which he has appeared as legal counsel; and

(vii) Respondent will not need to show fitness upon any application for reinstatement, provided that he has successfully completed probation and the agreed-upon conditions.[1]

Additionally, we direct respondent's attention to D.C. Bar R. XI, § 14(g), which requires the filing of an affidavit with this court for purposes of reinstatement in accordance with D.C. Bar R. XI, § 16, and Bd. Pro. Resp. R. 9.9.

*So ordered.*

---

[1] We understand the parties to contemplate that if respondent does not comply with the conditions of his probation, then ODC may seek to revoke his probation, and, if he is found to have violated his probation, then this court should impose the stayed 60-day suspension with a fitness requirement.